Good afternoon. Illinois Appellate Court 1st District Court is now in session. The 6th Division, the Honorable Justice Carl A. Walker presiding, case number 24-2449, 134 N. LaSalle, LLC v. Richard M. Craig. Good afternoon, everyone. I am Justice Walker and I have with me today, Justice Aurelia Paczynski and Justice Michael B. Hyman. And I'd like to ask those who will be arguing on behalf of the appellant and the appellee to introduce themselves. Let's start with the appellant's counsel. Yes, good afternoon, Your Honor. Lawrence Lusk, L.U.S.K. on behalf of Richard Craig. Okay, thank you, Mr. Lusk. Mr. Lusk, you get 20 minutes today. How much time do you want to reserve for rebuttal? A majority of it, Your Honor. 15 minutes. You want 15 minutes for rebuttal? Yeah, I'm fine with my brief and I can just make a short statement. Sure, that's absolutely fine. You have a right to decide how much time you want. And Mr. Trout? Yes, good afternoon, counsel and Your Honors. My name is David Trout, T-R-O-U-T. I'm counsel for 134 N. LaSalle, LLC. And Mr. Trout, you'll have 20 minutes to argue as well. Thank you. And you're welcome. And Mr. Lusk, please get started. Thank you, Your Honor. I believe this matter is fairly straightforward. The plaintiff here filed a conviction action. We know the facts. We know the facts. We've read everything. We've read the brief. Then I would just argue that the only real matter here is whether or not they serve the 5-day notice pursuant to the requirement. And they didn't. It's as clear as that. Wait, wait, wait. I thought they were asking for dismissal. They asked to dismiss the case. Okay. Voluntarily, isn't that? The case is over. If they... If that's a case without prejudice, I think that's your issue. Dismiss it without prejudice, correct? Well, no, prior to that, our argument is that we filed a motion for summary judgment and it was improperly denied. Well, your motion simply means that the trial court judge found that there were material issues of fact. And our argument is there were no material issues of fact. Okay. So go ahead. Let's make that argument now. Go ahead. We'll hear you out on that argument. And I would argue that it's not just about this case. It's about every case where an eviction is filed. The statute requires a 5-day notice be issued. Council seems to have argued in their motion against my summary judgment motion. And to this point, that there's some other reason why they don't have to comply with the 5-day notice requirement. But I don't understand. We don't even get there, right? The case has been dismissed, right? Done. Over. And if our motion for summary judgment was granted, we would have been allowed. But you can't. Why do we even hear that they dismissed the case? Everything that happened disappears at this point. It doesn't matter if there are 25 rulings on various issues. You can't give me one case that says that you are allowed to pick and choose certain issues that were decided when somebody has dismissed the case under the act, right? Yeah. I don't agree with that charge. I mean, give me a case. Give me a case. One case. We would have. It's an issue I wasn't expecting. Well, you should. Well, let me start with something else. Why shouldn't we just strike your brief? And I'll tell you why. You've read the rules of the Supreme Court, haven't you? With regard to filing an appeal. Sure. Briefing. Okay. Okay. Did you follow rule 341 with regard to your brief in that? Do you have a table of authorities? Judge, I believe that my brief included all the court cases that were cited. Where's that? It starts with an introduction. It's labeled page one, and there's page two, and there's page three, and there's statement of facts on page four. And then you talk about the facts, and then you get into your argument. I don't see anything. Where's the table of authorities? Justice Hyman is saying, Mr. Lusky, that you failed to include a table of authorities in your brief. You do cite cases. And I think, well, I know Justice Hyman is raising that argument or that issue, I should say, because that is a basis upon which this court could simply strike your brief. Now, I know that the other side did not ask us to do that, but of course, the court can do it sui sponte. And we want you, I think, at this point, we want you to respond to that. I don't have a response. I mean, we attached the authority that we cited as case law in the back of the brief, and I thought that was- Let's talk about that. Did you read that case? Did you read that case that you cite? Which case in particular, Judge? Well, the one you attached. It's- We attached multiple cases. Well, matrix. Matrix, basement systems versus- Did you see that when that was published in 2017? Did you read what's right under that? Unpublished opinion. Check court rules before citing. What does that mean? Did you? Did you know that the rule says? That you can't cite this case. You can't cite any case decided before January 1st, 2021. That's when the Supreme Court allowed citing the cases after that date. So, that case has- That was not the only case you cite. You cite a case here, 1002 East 87th Street. Again, there's no points in authority. You can't deny that. And you have no explanation as to why you did not follow a rule, which are not suggestions. As you know, the Supreme Court has said, these are not suggestions. These are rules. And even pro se litigants follow these rules. So, how are we to treat you differently than we sometimes have to treat pro ses? I don't have an answer to that, Judge. I apologize. Okay. So, let's go on to your- What about the fact that you cite- But so does Mr. Trout. So, you're not alone on this. You both have cited un-citable cases that, if you've read it, you would have read the rule, you would have seen that you're not allowed to cite these cases that you attached. You weren't aware of that either? Apparently not. Okay. But let's go back to really the issue in this case, to me, is the issue that- Are you saying that they can't dismiss their case? Is that your argument? Judge, I'm saying that the original denial of the- That's a different argument. And the reason why that's important- That's not why we're here. Go ahead. Go ahead. Go ahead. I'm sorry. The reason that's important is because we would have got our attorney's fees. No, no, no. But that doesn't matter because they dismissed the case. Whether you get an attorney- Do you want to jump in that argument? That's fine. I can do that. They dismissed the case without even noticing us. They dismissed the case without paying the cost. I mean, they've dismissed the case because they knew the issue would come up. There's case laws, you know, that you can bring it up at a hearing. Apparently, I don't believe you were present, but it can be brought up at a hearing and courts have allowed that to happen if somebody wants to dismiss it. So is that part of your argument? I don't understand why it can't be dismissed. Judge, I'm going to be honest with you. I am surprised we're even doing oral arguments. This is not that big of a case. The fact of the matter is we were upset because they knew they didn't issue the five-day notice, period. So the summary judgment should have been granted and we should have been given attorney's fees. Now, yeah, there's some technical problems and I apologize. I've never appeared before the appellate court before. As a newbie, I would recommend we give you some leeway, okay? I don't want you to think this is a bad experience. So I want Mr. Trout to know that because you're new, I don't believe we should hold that against you, okay? All right, so let's get that out of the way, all right? I'm not here to hurt somebody and I congratulate for being here. So everybody should have this experience. And I don't want to waste a lot of your time because you're bringing up some very good points here. And again, this is not a case that normally would be brought to the appellate court. There's not a lot of money involved, but there is this argument that if we allow eviction attorneys to get away with this type of behavior, that is not serving a five-day notice, getting the defendant in the court, and then trying to get attorney fees out of them, then we're going to have abuse of the system. So all we're doing here is saying, listen- Well, isn't there an answer to that? I mean, there is something that they could not have dismissed and that would have, if you had brought a 137 motion. I'm aware of that, but we didn't feel that we were- If you did a 137, then their dismissing it would not affect the 137. We felt that the trial court was not listening to anything we had to say, and that it was better just to go ahead and file an appeal. But even if they're not listening, maybe if you filed the 137, you would have had an appealable issue there. Agreed. Well, Mr. Lusk, you said you only want to take five minutes. I think, did you have anything else that you wanted to add at this time? No, no. You still have 15. And you still have 15 minutes of rebuttal, Mr. Lusk. And I probably won't use it. Okay, and that's fine. Either way, it's totally up to you. We'll hear from you now. Uh, good afternoon. Thank you again, David Traub, for the Eppley and 134 North LaSalle. So, actually, I'm in agreement with counsel that this is not that big of a case. And I think this court should deny their appeal. We have an absolute right to voluntarily dismiss our case. Well, you do, Mr. Traub, but the motion for summary judgment was filed long before. In fact, you had even responded already to the motion for summary judgment. They had already filed a reply to your response to their motion for summary judgment. And then all of a sudden you come in without, as Mr. Lusk has argued in his brief, without notice and ask that the case be dismissed without prejudice. And then to be without prejudice, knowing that you, well, I won't get into the facts because the facts are arguable. But there was no notice to them that you will file a motion for summary judgment. And now what that does is puts them in a position where they're not able to get their fees. And their argument is that what's the problem here is that it should have been, the summary judgment motion should have been granted because they're arguing that the fact is no five-day notice was ever served. So, you want to respond to any of that? Yeah, I'll respond first to the issue with the voluntary dismissal. It's not fatal. We have an absolute right to do it. There's case law that talks about the ability to make that and as long as there's no prejudice. And there wasn't in this case. They failed to assure- Well, there may be. There may be, just a second. Because now they're in a situation where they only can get costs. But had the motion for summary judgment been granted, they would have been entitled to fees and costs. Your Honor, they had the ability to file a motion to vacate. They had availability to file a motion to reinstate. They hastily filed their notice of appeal and they proceeded that avenue. And because of that, they're stuck with us being here and talking about these issues. The only thing that they would be possibly entitled to, how I see the law and how I see the rule is, that there would be possibly a cost, the reimbursement of costs, but they haven't even let the court know what their cost would be. And my guess is- Well, that has to be done below. We don't know. I mean, that's not in the records. I don't understand. If you knew what rule 2-1009 requires and it says costs and you didn't provide any payment of costs, right? You can see that, right? I never got anything indicating what their costs were. No, no, no, no, no, no. That's not it. Do you know what costs are? What costs are payable to them? My understanding is it's their filing fees or appearance fee. And then possibly if there were a special process server, typically that would be the opposite side and maybe a quarter fee, but- Okay, so you know. So in that case, all you had to do is look it up. What, an appearance fee or filing fee? That's pretty simple. You don't have to- And I don't know if there wasn't much discovery here. Wasn't much going on. So- There wasn't. Why couldn't that have been taken care of? I mean, all you got to do is say, call them up. I'm going to dismiss. How much do I owe you? I mean, that's another way to do it. Or look in the court record. I mean, you didn't do that at all. And if statute says you got to do, you do that. If you don't do that, why should we allow you to, maybe we should reverse this and have it go back and start over. Yeah, I think that'd be an extreme remedy that would be inappropriate. I think the court has the ability to do it. They didn't specifically ask, provide a invoice for their fees. But they don't have to. I mean, they weren't even in court when you did this. They could have subsequently filed something. They subsequently filed an affidavit, but they didn't say what their fees were. They didn't identify them. Do they get fees too? Sorry, pardon me. That was a misstatement. What their costs were. And if they had submitted what their costs were, I would have been able to tender something. We don't get this type of issue very often. I mean, it seems to be, when I practice, this was never a problem when dismissing a case voluntarily. Very rare that this issue ever comes up. And here, you didn't even do anything. It's your burden, not theirs. You're the one asking to dismiss. If you remanded for that cost to be done, we can easily do that. We can do it now. I don't think this is fatal to our dismissal. Our voluntary dismissal is not terminated or held ineffective if that fee is not paid. The case law doesn't support what they're trying to say. And in fact, the case- Yeah, but the issue is, though, that had the trial court branded their motion for summary judgment, you wouldn't have been able to voluntarily dismiss. Yes, but that's not the issue. I mean, the issue before the court is the voluntary dismissal. And so, obviously, that's the critical. The motion for summary judgment was heard. It was denied. Counsel seems to be on a larger program where he's trying to be more of a Don Quixote with talking about abuses of stuff for the appellate court. I don't think that's the court's responsibility here. I think to look at the case, to look at the facts and make a ruling based on this. And I think we were able to, there was no prejudice. I don't believe there was any prejudice to them. The case law we cited indicated that there was no prejudice to them. They didn't cite any case law about their prejudice. And so, I think our voluntary dismissal is completely appropriate. Anything further, Mr. Trout? You referenced it, and I guess I want to talk on it too with the motion for summary judgment. Their argument, I think, fails. I think we've established that we set forth whatever requirements there were for, and the motion for summary judgment was properly denied by Judge Maltz. And I think the case is simple. I think the case is clear. The green card was returned. It was received. We complied with the statute and they don't like- Was it Judge Maltz or was it Judge Conners? Judge Maltz was the one that denied the motion for summary judgment. Judge Conners was the one that voluntarily dismissed it. Sorry, Judge Maltz was sitting instead in September, and then Conners was the one that was the primary judge that appeared and dismissed it in December. Let me ask you, your client sued. You didn't dismiss the case? Yes. And Mr. Craig, he's kept his premises. He paid no judgment. And so, why shouldn't we consider him the factual equivalent of a prevailing party? I think that's his argument, that he's prevailed. So why shouldn't we do that under these circumstances? I don't think there's anything in the- There's no law. There's this debt to- So let me back up. The lease does not consider him, give him authority to file to it, sorry, to attain attorney's fees. And there was no authority for him to receive attorney's fees through any other means. There's no statutory authority for it. There's no statutory or contractual authority for him to be getting attorney's fees. And I think this is a stretch for him to try to get some sort of a windfall, but there's no authority for it. I've cited, I've argued this component. There's no authority. And the lease actually only entitles the landlord to attorney's fees. This is a commercial lease too, correct? It is. The parties were both sophisticated, they understood, and the terms of the lease apply. Anything further, Mr. Trout? I have nothing else further, unless your honors have any additional questions for me. Yes, the lease provided that any prevailing party in litigation was entitled to fees, is that right? Paragraph 23 says, the tenant shall pay upon demand all landlord's costs and charges. My question is whether the lease provided that any prevailing party in litigation was entitled to fees. At the very end, it says that the litigation arising, the prevailing party shall be entitled to, but there were no fees. No, no, but that's his argument. His argument is, I was a prevailing party under the lease. Therefore, I should receive the fees. I'm just making the argument that he made, and I'm just asking you to- By us voluntarily dismissing the case does not turn him into the prevailing party in any sort of case law. There's nothing that says that. The statute would allow for costs at most, but there's no case law that talks about, and he doesn't cite any case law that supports him getting attorney's fees under the statute or otherwise. Yeah, he's arguing though that because your client sued his client and the case was dismissed against his client, his client is the winner. Correct, but there's no prevailing attorney's fee clause or case law that supports that argument. I understand what his situation is he's saying because the case no longer- Wait a second, wait a second. When you say there's no case law, there is law that says that the prevailing party is entitled to, can be entitled to fees, right? Correct, but I would deny- He's arguing that he was the prevailing party because your client sued his client and your client's case was dismissed. So therefore, he's the prevailing party. That's his argument. I'm not saying that I agree with him. It was dismissed without prejudice. And there's, once again, and I understand what you're saying on the higher concept, but there's no statutory or case law that says that in a voluntarily dismissal without prejudice, the party that is dismissed becomes the prevailing party and then- No, no, that's not his argument. His argument is under the lease. His argument is under the lease, not under any statute or act or any other way. He's saying the lease provides for it. As I understand his argument. He'll tell us if I'm wrong. I don't see in a scenario where there's a voluntary dismissal without prejudice that he is the, I don't see him being the prevailing party. And the reason is, that's a conclusion. Because it is a voluntarily and it's without prejudice and that doesn't identify him as the prevailing party. There's no authority for it. And I don't see the- Well, his argument is under the lease. He's prevailing because he's still in the, still has a lease, he's still in the building and there was no judgment against him. So he didn't lose, he won. He's still there. That's his argument. Again, I was just- Yes, I think when you voluntarily dismiss without prejudice, I don't think there is a winner and a loser. I think the matter is dismissed and the parties will re-decide what they're gonna do at a later date. I don't think it's a win or loser scenario. I think it just, it removes it from the court and then it's open again for future. And the lease doesn't have language that supports this scenario. And so if they wanted language regarding that, that could have been negotiated. Anything further, Mr. Kopp? I have nothing else further other than I believe that this matter should be, this appeal should be dismissed and 134 North LLC should be the prevailing party. Thank you, Mr. Kopp. Mr. West. Thank you, Your Honor. First, a couple of things to address. First of all, this is minor, but we did send a letter to counsel demanding the $257. So him claiming that he doesn't know what our filing costs were is not true. We sent him a letter. It included what our filing costs are. It also included demand for attorney's fees, but those were separate paragraphs. He could have just paid. In fact, I said, please send me a letter for $257. It didn't send it. So that's not true that he didn't know what they were. Number two, the most important argument here, as far as I'm concerned, is that they didn't even argue that they served the five-day notice. If you look at both his response to my motion for summary judgment and his appellate brief, we knocked on the door two times. He wasn't there. We then taped something to the window. And then we sent a certified letter to somewhere with an address that was nowhere in any of the documents. So he's not even claiming that they complied with the five-day notice. And that is a requirement in the filing of a forcible detainer action in this case. So the motion for summary judgment, there was no factual issues. If the judge had just read the briefs and made it clear, okay, this is what the parties are arguing. He would have found that the plaintiff never even argued. They gave other excuses. If you read their brief, it was COVID. It's very hard to serve people during COVID. We found this guy's home address. So we mailed him something there. But the lease is very specific. To give notice, you have to send it to the address of the tenant in the building. And you got to do that by certified mail. And they never did that. So the motion for summary judgment should have been granted. And if it was granted, that would put an end to the litigation and we would have got our attorney's fees. So what we're asking is for a remand, a finding that the motion for summary judgment should have been granted, remanding it back to the circuit court for a hearing on attorney's fees. That is our argument. The other stuff, I mean, yes. It's certainly they're not the prevailing party. We're the prevailing party here. And there's no way that we should be asked to pay attorney's fees. We had the right to file this. And, you know, that's kind of, I don't disagree. That's kind of a stretch because there is no strong case law. But in this situation, you're correct to point out that we're arguing under the lease and we are the prevailing party under the lease. That litigation. If they want to refile the case and then get attorney's fees, if they win that refiled case, they could do that. But under this lawsuit, we were the prevailing party. They got nothing. We didn't lose anything. Finally, I already addressed the $257. The motion to dismiss the case, he should have properly noticed us first and then they should have paid the fees. But I'm not really here for $257. So that's all I have. Thank you, Justices. Any questions, Justices? Okay. Thank you, Mr. Lust. All right. We thank you both for your argument today and we appreciate you showing up. Thank you.  Thank you. Thank you for your time.